THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TREVOR HOGUE, | CASE NO. C19-0437-JCC |
| Plaintiff, | MINUTE ORDER |
| v. | |
| AMY GIROUARD, | |
| Defendant. | |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court on its pre-service review of Plaintiff Trevor Hogue's complaint (Dkt. No. 1) pursuant to 28 U.S.C. section 1915(e)(2). On March 26, 2019, United States Magistrate Judge Hon. Brian A. Tsuchida granted Plaintiff's motion to proceed *in forma pauperis*. (Dkt. No. 3.) Plaintiff names as Defendant Amy Girouard, although it is unclear what claims Plaintiff asserts against Ms. Girouard. (*See generally* Dkt. No. 4.)

Plaintiff states that the Court has subject matter jurisdiction based on both federal question and diversity jurisdiction. (*Id*. at 3.) Under the heading "Federal Question Jurisdiction," Plaintiff states "[a]fter holding lower tier civil courtroom in states jurisdiction defendant legal

MINUTE ORDER
C19-0437-JCC
PAGE - 1

attempt murder."[1] (*Id.*) Under the heading "Amount in Controversy," Plaintiff writes, "[u]nder Pacer thirty with law currently blind and awaiting unknown." (*Id.* at 5.) Under the heading "Statement of Claim," Plaintiff writes, "[p]reviously address one was to do yardwork, include of cutting overhanging plants which in blue prints, defendant tries to run over in car." (*Id.*) Under the heading "Relief," Plaintiff writes, "[n]one, lawn/grass may grow back in spring." (*Id.*) The complaint contains no other allegations regarding Plaintiff's claim.

Once a complaint is filed *in forma pauperis*, the Court must dismiss it prior to service if it is frivolous or "fails to state a claim on which relief can be granted." 28 U.S.C. § 1915(e)(2)(b)(ii); *see Lopez v. Smith*, 203 F.3d 1122, 1229 (9th Cir. 2000) (en banc). To avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The factual allegations must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint may be dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

The Court holds *pro se* plaintiffs to less stringent pleading standards than represented plaintiffs and liberally construes a *pro se* complaint in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Nevertheless, section 1915(e) "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Lopez*, 203 F.3d at 1229. When dismissing a complaint under section 1915(e), the Court gives *pro se* plaintiffs leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Plaintiff fails to state a claim upon which relief can be granted. As an initial matter, Plaintiff has not sufficiently pled that this Court has subject matter jurisdiction over his claims.

---

[1] All quotes are taken verbatim from the complaint.

MINUTE ORDER
C19-0437-JCC
PAGE - 2

Federal question jurisdiction exists where a plaintiff's claim arises "under the Constitution, law, or treaties of the United States." 28 U.S.C. § 1331. Diversity of citizenship jurisdiction exists where the amount at issue in the lawsuit is more than $75,000 and no plaintiffs or defendants are citizens of the same state. *See* 28 U.S.C. § 1332. The complaint does not state whether Plaintiff's claims are based on the Constitution, laws or a treaty of the United States. Nor does it allege facts that demonstrate the amount in controversy is greater than $75,000 or that he and Defendant are citizens of different states.

The complaint also fails to allege a cognizable legal theory. The complaint does not state what law entitles Plaintiff to relief or adequately describe the claim. Further, Plaintiff fails to allege facts demonstrating that Defendant is liable for the misconduct alleged or that would put Defendant on notice of the claims against her. Plaintiff must state what his legal theory is and allege facts demonstrating that such theory plausibly entitles him to relief. Plaintiff must also state a form of relief that the Court can grant. (*See* Dkt. No. 3 at 5) (describing relief sought as "none").

Based on the forgoing, the Court DECLINES to serve Plaintiff's complaint, but GRANTS him leave to file an amended complaint curing the above-noted deficiencies within 21 days after the date this order is signed. If no amended complaint is timely filed or if Plaintiff files an amended complaint that fails to correct the deficiencies identified above, the Court may dismiss Plaintiff's claims with prejudice under 28 U.S.C. section 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

Plaintiff is advised that an amended complaint operates as a complete substitute for an original complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, any amended complaint must clearly identify the defendant(s), the claims asserted, the specific facts which Plaintiff believes support each claim, and the specific relief requested.

The Clerk is DIRECTED to send Plaintiff a copy of this order as well as the appropriate forms so that he may file an amended complaint.

1 | DATED this 3rd day of April 2019.

William M. McCool
Clerk of Court

s/Tomas Hernandez
Deputy Clerk

MINUTE ORDER
C19-0437-JCC
PAGE - 4